IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OMAR PUEBLA ROVIRA,

    Plaintiff,

v.                                      No. 99cv1154 JC/JHG

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    This matter is before the Court on Plaintiff's (Rovira) Motion to Reverse or Remand the Administrative Decision, filed June 19, 2000. The Commissioner of Social Security issued a final decision denying Rovira's application for supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is not well taken and recommends that it be DENIED.

    Rovira, now forty-one years old, filed his applications for supplemental security income on January 19, 1996, alleging a disability which commenced January 1, 1995, due to post polio syndrome of his lower extremities. There is some confusion as to the level of education Rovira received in Cuba. However, during the July 16, 1997 administrative hearing, Rovira testified he had a sixth grade education. Rovira has past relevant work as a parking lot attendant, also in Cuba. The Commissioner denied Rovira's applications for supplemental security income both

initially and on reconsideration.

After conducting an administrative hearing, the Commissioner's Administrative Law Judge (ALJ) found Rovira had the severe impairment of post polio syndrome of his lower extremities. The ALJ also found that Rovira's mental impairment was not a severe impairment and determined Rovira retained the residual functional capacity to perform a full range of unskilled and exertionally sedentary work activities. Tr. 14, 15. Because the ALJ found Rovira was able to perform a full range of sedentary work, the ALJ did not consider the testimony of the vocational expert as to jobs existing in significant numbers which Rovira was able to perform. Thus, the ALJ concluded Rovira was not disabled within the meaning of the Social Security Act. On August 19, 1999, the Appeals Council denied Rovira's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Rovira seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in

2

substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse or remand the administrative decision, Rovira argues the administrative decision is not supported by substantial evidence, the Commissioner failed to carry his burden of proof and failed to apply correct legal standards to the case. Rovira contends the ALJ erred in finding that his ability to work is unencumbered by his mental impairment.

The ALJ found that Rovira retained the residual functional capacity to perform a full range of unskilled and exertionally sedentary work activities. Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. §404.1567 (a). Although a sedentary work job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job

duties. *Id.* "Occasionally" means occurring from very little up to one-third of the time. Social Security Ruling 83-10, 1983 WL 31251, at *5. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. *Id.*

The ALJ implicitly found Rovira did not have a severe mental impairment at step two. A disability claim may be denied at step two only if an impairment produces no more than a minimal effect on the claimant's abilities. Social Security Ruling 85-28, 1985 WL 56856 at *2. If a claimant presents medical evidence which constitutes a mere *de minimis* showing of severity, the ALJ must proceed with the sequential evaluation process. *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

On May 31, 1996, Dr. Bogost, a psychologist, performed a psychodiagnostic evaluation on Rovira and diagnosed him with acculturation problems, academic problems, and impulsive personality disorder with dependency needs. Tr. 132, 133. In his decision, however, the ALJ accorded little weight to the personality disorder diagnosis due to Dr. Bogost's own admission that the accuracy of his test findings were questionable. Tr. 133. Dr. Bogost had difficulty communicating with Rovira because of the language barrier and an interpreter whose grasp of the English language was limited.

On July 16, 1996, Dr. Balcazar performed a consultative psychiatric evaluation on Rovira. Tr. 136-138. Dr. Balcazar speaks Spanish so did not require the services of an interpreter. Dr. Balcazar diagnosed Rovira with alcohol abuse, in remission. Tr. 138. However, Dr. Balcazar did not find Rovira suffered from a personality disorder. *Id.* Dr. Balcazar opined Rovira's

4

intelligence was in the low average level.  *Id.*  However, Dr. Balcazar opined Rovira could use tools and materials for simple jobs and could perform one or two-step repetitive tasks at a competitive rate.  *Id.*  Dr. Balcazar concluded Rovira showed no overt psychiatric symptoms. *Id.* Moreover, Dr. Balcazar did not foresee Rovira would have difficulty in his interaction with coworkers and supervisory personnel if they also spoke Spanish.  *Id.*

The ALJ chose to rely on Dr. Balcazar's report and recommendation rather than rely on Dr. Bogost's report.  In his report, the ALJ concluded, "[t]he diagnosis of a dependent personality disorder made during [Dr. Bogost's] psychodiagnostic evaluation was equivocal, based on the communication difficulties between the patient and the doctor, and any dependency needs found by the doctor may be attributed to . . . economic or cultural factors.  I therefore do not find the diagnosis of a personality disorder to be helpful in my assessment of the claimant's work related functional capacities, and that diagnosis is accorded little weight herein."  Tr. 16.

It is apparent from Dr. Bogost's report that the communication problem was serious. [1] Dr. Bogost reported Rovira "experienced some difficulties interacting to the interpreter" and reported Rovira's mood to be "tense, anxious, fearful, and apprehensive at levels somewhat inappropriate to the situation."  Tr. 133.  Finally, Dr. Bogost concluded "[t]he overall picture is exacerbated by the fact that Omar does not speak a word of English which is exacerbated by the fact that his interpreter is a recent immigrant from Cuba and has limited skills in operating as a Spanish interpreter."  *Id.*  Considering the circumstances, the Court finds that it was reasonable

---

[1] For, example Dr. Bogost reported Rovira was the oldest of three children. Tr. 132.  However, Dr. Balcazar reported Rovira had four sisters and two brothers, with Rovira being next to the youngest.

5

for the ALJ to accord little weight to Dr. Bogost's diagnosis of a personality disorder.

Additionally, Dr. Deming performed a consultative examination on Rovira and found the following: (1) Rovira had no problem with his upper extremities; (2) there was only minimal muscle weakness in all muscle groups tested in the lower extremities and normal coordination in the upper extremities; (3) Rovira did not require any devices to assist ambulation and none were needed; (4) Rovira appeared to have at least average intelligence; (5) Rovira appeared to relate well with Dr. Deming and with the interpreter; (6) Rovira could stand and/or walk for about 4-6 hours without interruption and could walk for about ten hours with interruption and could stand anywhere from 5 to ten hours with interruption;  (7) Rovira could sit for 7 hours in an 8-hour day and sit for 2 hours without interruption; and (8) Rovira had no problems reaching, feeling, speaking, handling, hearing or traveling.  Tr. 121-128.

On July 22, 1996, a DDS physician completed a Psychiatric Review Technique (PRT) form.  *See* 20 C.F.R. 404.1520a(d)(1).  The PRT reflects the following: (1) Rovira suffered from a Substance Addiction Disorder, alcohol abuse but in remission; and (2) Rovira was capable of routine, repetitive work that did not require knowledge of the English language.  Tr. 102-109.

Finally, Rovira claims that based on Dr. Bogost's findings the vocational expert testified he could not hold a job.  Tr. 47, 48.  However, Dr. Bogost's diagnosis of a personality disorder was equivocal due to communication difficulties with Rovira.  Vocational expert testimony based on information which does not precisely relate all of a claimant's impairments cannot constitute substantial evidence. *See, e.g., Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995)(hypothetical inquiry to the vocational expert must include all (and only) those impairments borne out by the evidentiary record); *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991)(Testimony elicited

6

by hypothetical questions that do not relate with precision all of claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.)

The Court finds that the record as a whole supports the ALJ's finding that Rovira's alleged impairments would not preclude his ability to perform other work. Accordingly, the Court finds that the ALJ applied correct legal standards and substantial evidence supports the decision.

## RECOMMENDED DISPOSITION

The ALJ applied correct legal standards and substantial evidence supports the decision. The motion to reverse or remand administrative agency decision should be denied and this case should be dismissed.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.